UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GUILLERMO DAMIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>LONG BEACH MORTGAGE COMPANY, et al.,<br><br>    Defendants. | Case No: C 09-5304 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 6 |

The parties are presently before the Court on Defendants' Motion to Dismiss Complaint. The motion is unopposed. Having read and considered the papers submitted in connection with these matters, and being fully informed, the Court hereby GRANTS the motion to dismiss for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates this matter without oral argument.

**I.     BACKGROUND**

On September 8, 2009, Plaintiff, acting pro se, filed a mortgage fraud action in state court against Defendants, Long Beach Mortgage Company, Washington Mutual, Inc., JPMorgan Chase National Association, California Reconveyance Company and Deutsche Bank National Trust Company. The Complaint alleges various claims under California law. On November 6, 2009, Defendants removed the action under 28 U.S.C. § 1331 on the ground that certain of Plaintiff's causes of action are predicated upon the federal Real Estate Settlement Procedures Act, 26 U.S.C. § 2605, et seq., and the Fair Debt Collections Act, 15 U.S.C. § 1692. On November 13, 2009, Defendants filed a Motion to Dismiss Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), which they noticed for hearing on February 9, 2010. To date, no opposition has been filed nor has the Court received any other communication from Plaintiff.

**1**  **II.    DISCUSSION**

**2**     The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in
**3** accordance with the district court's local rules is grounds for granting the motion. Ghazali v.
**4** Moran, 46 F.3d 52, 53 (9th Cir. 1995); see Fed.R.Civ.P. 41(b).  In Ghazali, the Ninth Circuit held
**5** that in exercising its discretion to dismiss an action for failing to comply with a district court's
**6** local rules, the court is "required to weigh several factors: '(1) the public's interest in expeditious
**7** resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
**8** defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
**9** availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423
**10** (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the Ghazali factors under the facts of
**11** this case, the Court finds that dismissal is warranted.

**12**     The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiff was
**13** obligated to file his opposition to Defendants' motion by January 19, 2010 (i.e., 21 days prior to
**14** the hearing on the motion).  In contravention of the Court's Local Rules, Plaintiff failed to respond
**15** to the motion, which  inherently delays resolution of the case and insures to the detriment of the
**16** public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the
**17** Court to manage its docket without being subject to routine noncompliance of litigants[.]");
**18** Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to
**19** control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-
**20** compliance with a court's order diverts "valuable time that [the court] could have devoted to other
**21** major and serious criminal and civil cases on its docket.").

**22**     The third factor, the risk of prejudice to Defendants, is related to the strength of the
**23** plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered
**24** no "excuse" for his non-compliance, nor is any apparent from the record.  Given that Defendants
**25** filed their motion over two months ago, Plaintiff has had ample opportunity to prepare and file a
**26** response to the motion.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191
**27** F.3d at 991; Ghazali, 46 F.3d. at 54.

**28**

| | |
|---|---|
| 1 | The fourth factor favoring disposition of cases on the merits, by definition, weighs against |
| 2 | dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. |
| 3 | Thus, this factor weighs against dismissal.") |

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal. The Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment.").

### III. CONCLUSION

Weighing the relevant factors, the Court exercises its discretion and grants Defendants' unopposed motion to dismiss pursuant to Rule 41(b). For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 1, 2010

                                                                                                                 SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO DAMIAN,

       Plaintiff,

 v.

LONG BEACH MORTGAGE COMPANY et al,

       Defendant.
_____/

Case Number: CV09-05304 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Guillermo Damian
2160 El Lago Drive
Oakley, CA 94561

Dated: February 1, 2010

                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk